May it please the court, your honors, and my worthy counsel, Actually, I think this case is very simple. My client filed a suit to construe a provision in his mother's will, and to have a portion of it declared void for the fact that it represented a right of entry for condition broken. The trial court on the motion of my worthy opponent found that to be a will contest and dismissed the case for having not been filed within six months of the date of the death of the decedent. The case was specifically named a construction suit. It was not an effort to invalidate a will. As a matter of fact, my client wanted the benefit of some of the provisions of the will. What is it your client wants under the will? It involves a partition, a provision. There is a provision. The will grants him a 90 acre tract of farmland and states that subsequently if he will not convey his interest in land he inherited from his father back to his brothers, then he forfeits his 90 acre farmland. We seek to have that provision declared void, as I said, for having been a right of entry for condition broken. Now, we do not seek to invalidate the will. My worthy opponent lost the same issue in the mid-90s in a case that I cite in my brief, Hall v. Eaton, where similarly a construction suit was brought to declare invalid a provision affecting an inheritance depending upon the marital status of the legatee at the time of her father's death. There the trial court, Schuyler County, said that's a real contest. The fourth district appellate court found other reasons to affirm the judgment but stated in their opinion that that was a construction suit and that it was filed more than six months following the death of the decedent was not a concern, was not a jurisdictional defect. The probate act section 8-1, the will contest provisions are jurisdictional in nature. There is no discovery rule or I was incompetent or misled or something of that nature. Our Supreme Court has visited the issue of what is a will contest in the context of suits brought on the basis of a tortious interference with an inheritance. In 2010 they had a case, Ellis, wherein the court stated that interference with an inheritance is a tort and unless they seek to set aside the will and hope, it's not a will contest and can be brought in accordance with an appropriate statute of limitations. The court said that a will contest is a quasi in rem proceeding that seeks to invalidate the entire will. It doesn't do as we are asking to merely construe and perhaps a clear void a provision of the decedent's will. Even if we find it, it is just a construction. Don't you have some other hurdles that are going to be hard to get over? I mean, there's the argument about acceptance of the benefits for one and the second is that doesn't the will say if you challenge this, you get $5,000. If you don't want to go along with this, you're not required to or you get less. First of all, the equitable rule that you're discussing has no effect where there's an issue of public policy. So, that was never visited in the trial court, but there's plenty of case law that says that acceptance of a benefit does not foreclose a challenge for public policy reasons. I'm sorry I can't give you chapter and verse. That was not at all dealt with. So, no, that's not going to enter into this. We still have issues to deal with in that regard. What are the benefits received? He was given a 90 acre tract of farmland and a residence in Carthage. And then the will says, having given you that, if you fail to convey back your interest that he inherited from his father, that his bequest is voided and he gets merely $5,000. These are other tracts of farmland. Yes. That he received from his father. So, father and mother, father died 20, 25 years ago. Their estate was divided as tenants in common, a common technique in farm estate planning. Father left his assets in a trust essentially for his wife's life use with the remainder to the boys that parties to this lawsuit at his wife's death. So, my client owns an interest in the farmland, part of the farmland that's dealt with in this will. So, in other words, the trust of which he is a beneficiary of after his mother's death, he didn't get entirely that farmland. He got a third share? He got a third of a half, a sixth, from his father. There's three boys. Three boys. She gets a life estate. Okay. Mother died owning a half interest in Black Acre. Right. Father had a half interest in Black Acre. Let's not go there. I don't like Black Acre. I'm back in law school, so let's forget that. It's scary, isn't it? Yes, it is. Okay, so in effect, out of the whole parcel that mom and dad owned, if he goes through this physical partitioning, which is basically what it is, he's going to have how much of the whole that mom and dad had? He's going to have a third, isn't he? If he were to agree to the partition, he'd get 90 acres of farmland. That wasn't affected by father's estate. Oh, okay. That would be her half. No, apparently she owned that outright. Oh. Okay. So, having not agreed to the partition in kind, their determination is that he's only entitled to $5000. We're submitting on the basis of other cases that, you know, and that's not before this court right now. What actually is before this court? What relief are you actually seeking here? If indeed there are timely and there is jurisdiction before this court, what is it you're requesting? All right. Two things. Mother starts out, the text of her will says, it is my desire, and sets forth this elaborate, rather involved scheme for partition of the farmland. Typically, the words, it is my desire, are precatory. They suggest. They don't come out. Okay, so what you're saying is count one, we've got argument and briefing here on count one, right? Yes. Okay, because you're implicitly saying that, how do we know what the trial court ruling was even on count one? Well, they can. I mean, the suit was dismissed. Yes. Right? Yes. Because it was construed as a will contest. Yes. Over six months after filing of the will, opening the state. Yes. It's untimely and goodbye. Yes. Okay, and what other rulings does the trial court have? Well, it dismissed counts two and three at a later date, and on the basis of rule 301, we filed a bill within 30 days of that subsequent order, which disposed of the issues before the court. So this court does have jurisdiction. So, you've got then, if we have jurisdiction, then you're asking us to review your argument on count one. Yes. How about count two? That's breach of fiduciary duty. What happened there? The court dismissed it, claiming that there is no fiduciary duty because of count one having determined the plaintiff's interest. So, this is the same truth as count three, is that count two and three are gone because count one is gone? Yes. So, really, the court made two decisions, but they all were asked in person. The fulcrum is... So, I think what this overage is asking is, is the issue before us, was there jurisdiction to file beyond the six-month limitation? Yes. That's what you're asking. Yes. That's all that's in front of us today. What is in front of you today is whether count one was a will contest. And our argument, it is a declaratory suit seeking construction and interpretation of a will. And if this court was so fine, what then does this court do, in your mind, with that finding? What is its decision? It reverses the decision on count one and says it's not a will contest. Go back and argue out the remaining issues. So, you're asking that it remain that? Yes. Okay. And do we vacate the dismissal of two and three then? Well, it would... Yes. Yes. There is some question relating to jurisdiction. There's one other case that goes... The court said that that was a will contest, not a declaratory suit. The Marshall case sought to invalidate a will. We're not doing that. We're seeking a construction of what this will means. And are those provisions enforceable? We're not seeking to invalidate the will. That's the focal issue. We're affirming that the will is the will of hers, but saying that parts of it are unenforceable. Did the Trump court, in its review and decision on count three, implicitly reject your arguments on count one? Implicitly? He did so explicitly. Okay. So, he's saying that it's not predatory language and it's not against public policy. No, he never made that finding. Well, he certainly said in count three, giving relief on count three, that you don't get an accounting because you have no property interest. Isn't that what he said? Is that it? Yes, but as I previously stated, we're going to hold this to be a declaratory judgment suit. We're back in the batter's box to determine the validity of the provisions of the decedent's will. It says if you don't agree to give up land that you already own, you get $5,000. Well, you certainly don't get an accounting from your brother on the other ground. Correct. You already said you don't, so didn't he implicitly say that that's not predatory language, that's not against public policy, because you have no interest. Well, he didn't go that far in his finding. He merely struck, he merely dismissed with prejudice count one. And with that, the other two fell. Okay. We haven't reached those other issues, and I understand that you folks can do anything you want, but what's before the court is what was argued in the trial court. Okay. And all that was argued in the trial court was whether this case is a will contest or not. Whether count one was a will contest. There was no, in the motion dismissed, there was no addressing of predatory language? No. Okay. I believe this court has jurisdiction of this appeal. I believe that our case, count one, is a declaratory judgment suit. I would ask the court to reverse the holding of the trial court remanded for further instructions in connection, consistent with whatever opinion you issue. Thank you, folks. Thank you, Mr. Kennedy. Thank you, Mr. Kennedy. Mr. Tucker. Good afternoon, if it please the court. With respect to Appellant's argument here today, it is my understanding, Appellant has explained to the court, that count one was an action for construction of a will. I would point out, and I just looked again, it is my belief that count one contains neither the word construe nor the word construction. The prayer of count one is to declare the will void and in no way appears to the appellee to be a claim for construction. I will point out that this motion on counts one, two, and three, in each instance, was a 2-6-19 motion supported by affidavit. In the motion as to count one, and Appellant persists in ignoring this, but in the motion as to count one, we do say that this is a will contest and they are late. All of the old cases say that the circuit court has no jurisdiction. In a proper case, that could change, but it's not this case. The important thing is, in our motion as to count one, we also say, paragraph eight, C-50 of the record, Plaintiff has received and accepted certain property from the estate and is accordingly barred from challenging the will in any manner, and we cite the Jaffe case, the Kiker case, the King case, and the Norman case in our motion. Now that's count one. It's two problems. The court granted the 2-6-19 motion as to count one. There were affidavits, or an affidavit, in support of paragraph eight of that motion regarding accepting the benefits. That affidavit was never challenged by the appellant. Appellant filed no counter affidavit, and the court granted the 2-6-19 motion as to count one. In this appeal, the appellant has not even mentioned that portion of the judgment. The judgment was entered on December the 5th, 2012. The judgment is two pages long. It deals specifically count by count, and it says defendant's motion as to count one is well taken and should be granted, and it is therefore ordered that the 2-6-19 motion is granted. And so, two points. One, when you look at it, it doesn't look like a will construction to me. It doesn't ask for a construction. It says the will is void. Now, the statute, section 8.1, I believe, of the Pulley Act, is rather brief. As soon as I find it, it says that a will contest is a claim that the will is invalid, and it's that simple. Now, there are lots of kinds of will contests. Mental capacity, undue influence being two major ones. But a will may be contested for many other reasons. If, for example, there was only one witness. If, for example, the testator didn't sign it. And, as in Hall v. Eaton, a claim which counsel mentioned, which is some years ago in the Fourth District. In that case, the will was claimed to be void as a violation of public policy. There was language in it about if the sister married or didn't marry or whatever, then she couldn't be a beneficiary or receive her portion under the will. It is true that in Hall v. Eaton, the court, in what I believe to have been dictated, said, well, this isn't a will contest. But the result was, they said it's a will construction. Well, that may be, but the request was still that it was void. And the result was that it didn't make any difference anyway, because they held that the provision in that will in Eaton did not violate public policy. So I don't think Eaton is authority for much in this case. The mention of it not being a will contest really wasn't essential to the decision. So we have two issues under count one, under the motion. And the appellant, in his brief, did not even mention the second problem of the court's order. And, as recited in our brief, is therefore construed to have weighed that issue and is barred from dealing with it in a reply brief or in oral argument. And so, with respect to those items and those issues, we are of the opinion and make the claim that the appellant hasn't even considered one of the issues. And so the case is over in that regard. Now, in addition, this case is easily analyzed as to how to reach a decision. If count one is a will contest, appellant loses. Oh, here it is. Eight dice, one. In action, two contests the validity of a will. Will validity, valid, invalid, and void, all three sound very similar to me. But in analyzing the decision process, first of all, if it's a will contest, appellant's done. If it's not, then we move to issue number two, the December 5th order on counts one and two, granting the 2619 motions and the situation with those orders under Supreme Court Rule 304 be run. As we know, in an estate, the idea, the procedural policy is to move the matter along. It involves people's property and money. And so in an estate, there may be all kinds of controversies as the estate proceeds. Do we want to wait to the final order discharging the executor to appeal all those claims and problems and orders and what have you that the court has made during the estate process? Certainly not. That would be inefficient. And so the Supreme Court has adopted 304 be run. You may well be intimately familiar with it. But in any event, what it says is, in an estate or similar proceeding, requirement number one, an order which finally determines requirement number two, any right or status, requirement number three and four, is appealable. And so on December 5th, 2012, we submit that there is no question that as to count one, which was completely disposed of, the appeal should have been in 30 days. As to count two, the appellant was given 28 days to amend. But on the 28th day, there had been no amendment. And so as to count two, the appeal was due in 30 days. And no appeal was filed. And so under rule 304 be one, their appeal on November the 15th, 2013, 30 days after the order as to count three, they were way too late. Now, to discuss the requirements of 304 be one, the first requirement is. As to count two. I'm sorry? Did you mean as to count? You said count three. Was it count two? No. I believe the order of November the 15th was only as to count three. Okay. Yes, it was. Okay. As to discuss the requirements of 304 be one, it has to be in a state or similar proceeding. Well, as we pointed out in our brief under our local rules, this matter should have been filed in the estate. It is a similar proceeding to the estate. It's actually claims that are part of the estate. The executor was made a party and what have you. A plaintiff just happened to select a declaratory judgment. Maybe that was because plaintiff knew that they were six months or the six months had passed on a will contest. Who knows? But this is certainly comes within the meaning of similar proceeding under be one. Second question is whether it finally determines something. Well, it finally determined two things. It finally determined that count one was a will contest. And it finally determined that he had accepted the benefits. And so those are certainly come within the meaning of the third requirement of 304 be one, which is finally determines any right or status. And so it is our position that the order was appealable at the time it was entered on December the 5th, 2012. It was not appealed. They come too late here for those reasons. Oh, let me just mention, if I may. The tort cases, Ellis and the others, that appellant cites as not being required to be filed within the six months requirement that applies to will contests, those are simply not convincing. We've been arguing in Illinois over the tort, intentional interference with inspectancy to inherit for decades. It started out with, I think, the Robinson case out of Monticello. Those cases have nothing to do with this. The tort case is a claim for damages, usually against people who have been guilty of undue influence. And there was a hubbub about whether that had to be filed with the will contest or by the time of the will contest or what have you. But it asks for entirely different relief. And I would suggest that those cases are simply not persuasive with respect to whether or not this is a will contest. They're totally different. Can I direct you to your view of the right or status that was finally determined? Well, the status was, on count one, the status that would have been finally determined was that he had accepted the benefits. And that doctrine says you can't attack a will for any reason in any way, shape, or form or have it construed if you have accepted the benefits. So it was his status as a recipient of benefits. Absolutely. I'm sorry. Is that complete? Maybe you should answer the question. No. When one talks about accepting benefits under the will, are you talking about the receipt of those benefits? Or just that they're there for the offer? Oh, no. Our affidavit, the will, as I recall, the will said as to the tangible personal property, you can get together and split it up. Well, our affidavit says they got together and split it up. And so to that extent, he has accepted a benefit under the will. Does that answer? Any other questions? Okay, so that is the status. So that's where you define the status. Yes, there's another status issue that has been determined, but it doesn't really involve 304B1 because on count three in the accounting claim, our motion, our 619 motion raised the issue, raised the issue of the duty to sign the partition deeds. And we have affidavits that show that he did not do that. And attached is the letter of Mr. Ancelet, which explains in great detail what he needs to do, and attaches the deeds. And so as to count three, the court was asking the question whether or not it was count one, it was count three based on count one. Count three also raised the issue of the failure to partition, and there were no counter affidavits. There was no issue or argument or what have you. And so also that was a determination by the court of status. In other words, he failed to do what the will said, and accordingly his status changed. You know, to say that this is precatory in this will, she did say I desire up in the upper part of the will, but the real crunch language is, in the event that any of my three sons or their successors refuse to convey their undivided interests and complete the physical partition between them, as I have here above outlined, then any so refusing shall receive no interest given to any real estate that I die owning, or in which I have an interest at the time of my death, and any thereof shall receive a sum of $5,000. That really doesn't sound precatory to me. I could be wrong, but that's very strong language. This woman knew her sons. She knew what had to be dealt with, and this is what she put in her will. And to say that's just her desire and shouldn't be enforced, I think, is to deny reality. Thank you very much. Thank you, Mr. Chaplain. Mr. Koenig, any rebuttal? Yes, Your Honor. Counsel claims that there was no statement that has to count on that we seek a construction. The amended complaint from which this action arises is at C38 through C43 of the common law record. The count is entitled First Amended Complaint for Declaratory and Other Relief. The prayer does not ask that the will be held to be void. The prayer says, judgment in favor of the plaintiff and against all defendants declaring that provisions of the will of Irma Jean Harrison relating to the partition of real estate are void. That's not seeking an entire declaration of invalidity of the will. Furthermore, we go on to say we would like judgment in favor of the plaintiff and defendants declaring that the words, quote, it is my desire, close quote, are precatory words and are therefore not enforceable. That's not really implicit. That's explicit. We are not asking for a declaration of invalidity of the will. Now, counsel next says, well, you didn't file a cumber affidavit and the court found and granted it to 619. At C84 of the common law record, the court makes its ruling wherein he says, I understand the law attempting to void a part or all of a will constitutes a will contest. And he goes on to say that he grants the motion based solely upon that issue. He never reached the doctrine of election having taken a benefit under the will. He never spoke to that. He merely, he apparently deemed it unnecessary. So the fact that there are no cumber affidavits is irrelevant. The court's holding was it's a will contest. Counsel goes on to say that jurisdiction of this court is limited by 304B1, neglecting the void case which talks about what types of things are affected by 304B1. Examples of an order in court admitting or refusing to admit a will to probate, appointing or removing an executor, or disallowing a claim. In the void case, they said, where that assertion was made, the court said if it isn't one of those three, it's not affected by 304B1. I asked for a 304A ruling and apparently the court deemed that it wasn't appropriate, even though doing so would have eliminated the need for a lot of the furor here.